LEICHSENRING V. ALLEN ET AL.

COMPROMISE — ACTION ON SETTLEMENT.— Defendant, desiring to sell an interest in a mine, and to have accounts with her co-owners adjusted, consulted indiscriminately, with regard to the transaction, a firm of attorneys and an accountant, and a joint bill for their services was presented. The amount being objected to, a compromise was agreed upon, by which a certain sum was to be accepted in full for such services. *Held*, that the attorneys and accountant could maintain an action against defendant for the recovery of an unpaid balance of the sum agreed on.

*Appeal from Superior Court of Denver.*

Mr. W. J. HARVEY, for appellant.

Messrs. PRATT & ALLEN, for appellees.

STALLCUP, C.   It appears that the appellees G. M. Allen and H. B. Ferguson were partners in the practice of law; and that the other appellee, Samuel Milton, was an accountant; and that the appellant, Kate Leichsenring, had an interest in a mine that she desired to sell, and also desired the expense accounts upon the mine with her co-owners adjusted and settled.   The three were indiscriminately consulted in the business, the accounts were gone over by the accountant, deeds and powers of attorney were drawn by the attorneys, and all assisted in getting the title made satisfactory and in making the sale.   The sale was made at $3,000, after which a bill was presented for the service of the three.   Objection was made to it as to the amount only.   A compromise settlement was arrived at, in which it was agreed that $150 should be paid in full of all the services rendered by the three,— $75 at that time, the balance within sixty days.   The $75 payment was then made, and a $20 payment was afterwards made.   This action was commenced for the recovery of the balance.   The appellant offered no evidence.   Judgment was given for said sum and interest.

On this appeal it is assigned for error that the judg-

ment was contrary to law, and it is argued that in a case like this right of recovery is denied by the decision made by this court in the case of *Hittson v. Browne*, 3 Colo. 305. That case is so unlike this case that there is no force in its application here.

May a recovery be had of the unpaid balance agreed to on settlement with one accountant and two attorneys, for their services rendered in the adjustment of accounts, in the draughting of deeds, powers of attorney, and in giving advice and assistance in the sale of an interest in mining property? is the question in this case. The three had a right to join in the settlement, and to accept a lump sum in satisfaction for the services rendered by the attorneys as such, and the services rendered by the accountant as such, and the services rendered by all of them in making the sale of the property; and, having made such settlement agreement, both parties thereto were bound thereby, and recovery of the unpaid balance may be had thereon. The services rendered were not in any way in violation of law, and they constituted a sufficient consideration for the promise to pay the said amount agreed upon in the compromise settlement.

The judgment should be affirmed.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*